UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Stacey Bourdeau,                                       Civil File No.: 14-cv-144

          Plaintiff,

vs.

Credit Acceptance Corporation, and
Daubert Law Firm, LLC,

          Defendants.

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Stacey Bourdeau ("Bourdeau" or "Plaintiff") for Defendants Credit Acceptance Corporation's ("Credit Acceptance") and Daubert Law Firm, LLC's ("Daubert") violations of violations of Bourdeau's rights and privileges under the United States Constitution and Amendments thereto, for violations of the Civil Rights Act of 1871, 42 U.S.C. §1983 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), the Wisconsin Consumer Act ("WCA" or "Consumer Act"), as well as for Defendants' abuse of process, and for their conversion of Bourdeau's property.

1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), and 28 U.S.C. § 1367 (Supplemental).

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## III. PARTIES

4. Stacey Bourdeau ("Plaintiff") is an individual consumer residing in Douglas County, Wisconsin.

5. Plaintiff lacks sophistication in the specific businesses of lending money, payday loans, and/or deferred deposit services.

6. Plaintiff was and is a "person" as defined by Wis. Stat. §§ 421.301 and 990.01(26), and is a "person" protected by and entitled to enforce the remedies of Wis. Stat. §§ 427.101 - 105.

7. Plaintiff was and is a "consumer" or "customer" as defined by Wis. Stat. § 421.301(17) and 15 U.S.C. § 1692a(3).

8. Plaintiff was and is a member of the "public" as that term is used in Wis. Stat. § 100.18.

9. Defendant Credit Acceptance Corporation, is a foreign limited liability company which does business under the trade name "Credit Acceptance," is engaged in the lending of money and subsequent collection of debt.

10. Credit Acceptance is a sophisticated financial services company, operating throughout Wisconsin and throughout the United States.

11. Credit Acceptance is engaged in the collection of debts owed itself using the mail and telephone.

12. Credit Acceptance regularly attempts to collect debts owed itself, and was and is a "debt collector" as defined by Wis. Stat. § 427.103(3).

13. Credit Acceptance was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

14. Credit Acceptance was and is a "person" as that term is used in Wis. Stat. § 100.18, and as defined by Wis. Stat. § 990.01(26).

15. Credit Acceptance was and is a "person" as defined by Wis. Stat. § 421.301.

16. Credit Acceptance is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

17. Defendant Daubert Law Firm, LLC, is a limited liability company which is engaged in the collection of debt on behalf of others.

18. Daubert Law Firm is a sophisticated law firm licensed and operating throughout Wisconsin.

19. Daubert Law Firm is engaged in the collection of debts owed itself using the mail and telephone and legal process.

20. Daubert Law Firm regularly attempts to collect debts owed others, and was and is a "debt collector" as defined by Wis. Stat. § 427.103(3) and 15 U.S.C. § 1692a(6).

21. Daubert Law Firm was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

22. Daubert Law Firm was and is a "person" as that term is used in Wis. Stat. § 100.18, and as defined by Wis. Stat. § 990.01(26).

23. Daubert Law Firm was and is a "person" as defined by Wis. Stat. § 421.301.

24. Daubert Law Firm is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability.

## IV. FACTUAL ALLEGATIONS

25. As a consumer managing her financial affairs, Plaintiff sought a loan to purchase an automobile.

26. In January of 2009, Plaintiff contracted with Sonju Two Harbors, LLC ("Sonju") for the purchase of a motor vehicle.

27. The agreement provided for repayment of the purchase price over 24 months.

28. As a part of that transaction, Plaintiff signed a retail installment contract, where she agreed to certain terms regarding the repayment of the purchase price, and included a clause that purported to require Bourdeau, Sonju, and/or their successors, assigns and agents to submit most disputes arising from the contract, its performance or the collection of any accounts due under the contract to binding

arbitration.

29. All told, Plaintiff agreed to repay $10,091.04 to Sonju.

30. The loan arose from a "consumer transaction" as that term is defined by Wis. Stat. § 421.301(13).

31. Plaintiff's obligation to repay Sonju constituted a consumer "debt" or "claim" as that term is defined by Wis. Stat. § 427.103(1).

32. Sonju subsequently sold the contract to Credit Acceptance.

33. Plaintiff was unable to repay the balance of the loan.

34. Plaintiff fell into default under the agreement.

35. Defendant Credit Acceptance then retained Daubert Law Firm, LLC as its agent to collect the debt via collection efforts and legal process if necessary.

36. Daubert Law Firm, acting on behalf of Credit Acceptance, initiated suit against Plaintiff in Douglas County Wisconsin Circuit Court, by filing a summons and complaint with the clerk of court. *Credit Acceptance v. Bourdeau*, No. 2010-CV-650 (Douglas Co., WI).

37. Said summons and complaint sought to recover a judgment against Bourdeau in the amount of $ 6,913.25, plus costs and disbursements and interest.

38. Daubert Law Firm, on behalf of Credit Acceptance, sought the entry of a default judgment against Bourdeau. Judgment was entered against Bourdeau on or about May 19, 2011.

39. Daubert Law Firm, on behalf of Credit Acceptance prepared, filed with the court and served on Plaintiff and Plaintiff's employer various legal documents including but not limited to an earnings garnishment, an earnings garnishment exemption notice, and other documents each constituting legal process.

40. Daubert Law Firm and Credit Acceptance acted under color of state law when they prepared, filed, and subsequent served the various Wisconsin garnishment documents on Bourdeau's Minnesota employer.

41. By serving Wisconsin legal process - in the form of Wisconsin garnishment documents - extraterritorially, Daubert Law Firm and Credit Acceptance were and are engaging in state action.

42. By serving Wisconsin legal process - in the form of Wisconsin garnishment documents - extraterritorially, Daubert Law Firm and Credit Acceptance have misused and abused Wisconsin legal process to the injury of Bourdeau.

43. Daubert Law Firm and Credit Acceptance deprived Bourdeau of the "rights, privileges [and] immunities" she enjoyed under the Unites States constitution, specifically her 14th amendment right to due process, when they served Wisconsin legal process - in the form of Wisconsin garnishment documents - on Bourdeau's Minnesota based employer.

44. As business conducting their affairs within the United States generally, and Wisconsin specifically, both Daubert Law Firm and Credit Acceptance are deemed to know what is lawful and what is unlawful under US and Wisconsin

law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charges with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458, 649 N.W.2d 626 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

45. At all relevant times, Plaintiff was employed by United Health, located in Saint Louis County Minnesota.

46. At all reverent times, Plaintiff performed her work duties for United Health in Saint Louis County, Minnesota.

47. At no time relevant to this dispute, did either Defendant file a transcript of judgment in any county other than Douglas County, Wisconsin.

48. Wis. Stat. Chapter 812, Wis. Stat. § 806.24, and Wisconsin common law all limit the use of earnings garnishments to the territorial borders of the State of Wisconsin, except where a transcript of judgment is filed in another state.

49. Between July of 2011, and February of 2012, Daubert Law Firm, acting on behalf of Credit Acceptance, filed and served five separate earnings garnishment notices and related garnishment documents on Plaintiff's employer in Saint Louis County Minnesota.  All told Daubert Law Firm and Credit Acceptance unlawfully garnished over 40 of Plaintiff's paychecks between August of 2011 and April of 2013.

50. In spite of the illegality and unlawfulness of its actions, Defendants continued with the garnishment of Plaintiff's earnings, and garnished said earnings for nearly two full years.

51. By submitting its claim for money due under the contract to a judicial forum, by taking a judgment on those claims in said forum, and by (mis)using the judicial process of said forum, both Credit Acceptance and Daubert Law Firm have waived their rights (if any) under the contract to submit the parties' dispute to forced arbitration.

52. As a result of the acts alleged above, Plaintiff has suffered and is entitled to recover damages.

## V. CAUSES OF ACTION

### COUNT 1.

### VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983 ET. SEQ.

53. Bourdeau incorporates by reference all Paragraphs above.

54. Defendants violated the Federal Civil Rights Act, 42 U.S.C. §1983

55. Defendants knew or should have known that their extra territorial use of Wisconsin legal process was contrary to both Wisconsin and Federal law.

56. Defendants' violations of the Act and the 14th Amendment include, but are not limited to the following:

>   (a) Defendant's' use and misuse of the provisions of Wis. Stat. § 812.01-.44 in employing Wisconsin legal process extra-territorially, violates

       Bourdeau's due process rights under the 14th Amendment to the US constitution

57. Bourdeau has been injured as a result of Defendants' conduct.

58. Defendants' violation of the Civil Rights Act, 42 U.S.C. §1983, entitles Bourdeau to injunctive and declaratory relief, as well as her actual damages, punitive damages, and an award of costs, disbursements and attorneys' fees pursuant to 42 U.S.C. §1988.

## COUNT 2.

## WISCONSIN CONSUMER ACT

59. Bourdeau incorporates by reference all Paragraphs above.

60. Defendants violated the Wisconsin Consumer Act. Defendants' violations include, but are not limited to the following:

> (a) <u>Prohibited Practice/Unlawful Debt Collection Actions</u>
>
> Defendants violated Wis. Stat. § 427.104(1)(j) by repeatedly attempting to enforce a right with knowledge or reason to know that the right does not exist, via Defendants' extra-territorial garnishment of Plaintiff's earnings.

61. As a result of the above violations of the Wisconsin Consumer Act, Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, costs, disbursements and reasonable attorney's fees.

## COUNT 3.

## ABUSE OF PROCESS

62. Bourdeau incorporates by reference all Paragraphs above.

63. At all relevant times, Plaintiff possessed under Minnesota and Wisconsin law a property right and ownership interest in her duly earned wages, with said wages earned and payable at Plaintiff's place of employment in Saint Louis County Minnesota.

64. At all relevant times, Plaintiff had exemption rights in her duly earned wages, rendering them exempt or beyond the reach of seizure, execution, levy, garnishment and attachments, save under limited circumstances subject to legal process under a validly entered judgment transcribed to the county where she was employed.

65. In November of 2010, Defendant Credit Acceptance, through its agent Daubert Law Firm, initiated suit against Plaintiff in Douglas County Circuit Court.

66. After obtaining judgment described above, Defendants abused the provisions of Wisconsin law, including but not limited to Wis. Stat. Chapter 812, with an ulterior motive, contrary to the regular provisions of the Chapter.

67. Specifically, Defendants wrongfully initiated a Wisconsin wage garnishment against Plaintiff's wages earned and payable in Minnesota.

68. In addition, Defendants used the garnishment and levy provisions of Chapter 812 to improperly seize and convert Plaintiff's wages via an unlawful and illegal

extraterritorial earnings garnishment.

69. Defendants' actions in these instances were willful.

70. As a result of Defendants' actions, Plaintiff has suffered damages. Damages include, but are not limited to, loss of exempt property, loss of wages, emotional distress and humiliation, and Plaintiff is entitled to recover punitive damages.

## COUNT 4.

## FAIR DEBT COLLECTION PRACTICES ACT

71. Bourdeau incorporates by reference all Paragraphs above.

72. Defendant Daubert Law Firm violated the FDCPA. Defendant's violations include, but are not limited to the following:

> (a) <u>False, Misleading, or Deceptive Practice/unlawful extra-territorial wage garnishment</u>
>
> Defendant Daubert Law Firm violated 15 U.S.C. § 1692d, § 1692e, and § 1692f by repeatedly attempting to enforce a right with knowledge or reason to know that the right does not exist, via Defendant's extra-territorial garnishment of Plaintiff's earnings.

73. As a result of the above violation of the FDCPA, Defendant Daubert Law Firm is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages of $1,000.00, and costs and attorney's fees.

## COUNT 5.

## CONVERSION

74. Bourdeau incorporates by reference all Paragraphs above.

75. Under Minnesota and Wisconsin law, Plaintiff possesses a property right, ownership, possessory interest in, and possession of her duly earned wages.

76. In direct contravention to these rights and interests, and contrary to law, Defendants improperly utilized earnings garnishment under Wis. Stat. Chapter 812.

77. As a result, Defendants wrongfully took a portion of Plaintiff's wages, and to date has refused said wages despite due demand.

78. This conduct constitutes a conversion of Plaintiff's property for which Defendants are liable.

79. As a result of the conversion of Plaintiff's property by Defendants, Plaintiff has suffered and is entitled to recover actual and punitive damages.

## VI. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Stacey Bourdeau respectfully requests that a Judgment be entered against Defendants Credit Acceptance Corporation and Daubert Law Firm, LLC, jointly and severally under Counts 1, 2, 3, and 5, and individually against Daubert Law Firm under Count 4, awarding her the following relief:

(a) her actual and compensatory damages, along with any available and applicable pre judgment interest;

(b) a disgorgement of all wrongfully garnished wages;

(c) $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1692k against the Daubert Law Firm, LLC;

(d) $25.00 statutory damages per violation, pursuant to Wis. Stat. § 425.302;

(e) $100.00 statutory damages per violation, pursuant to Wis. Stat. § 425.303;

(f) $1,000.00 statutory damages per violation, pursuant to Wis. Stat. § 425.304;

(g) punitive damages under counts 1, 2, 3, and 5;

(h) costs, disbursements and reasonable attorney's fees, pursuant to 42 U.S.C. §1988, 15 U.S.C. § 1692k and Wis. Stat. § 425.308;

(i) an order enjoining the Defendants from further violations of the Wisconsin Consumer Act and Wisconsin law, relative to the Defendants unlawful use of extra-territorial garnishment;

(j) any other appropriate declaratory and or injunctive relief; and,

(k) such other and further relief as the court deems just and equitable.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Stacey Bourdeau hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes and United States and Wisconsin Common Law, these claims be determined by a jury of her peers.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dated this 25th day of February, 2014.        Respectfully submitted,

By:   s/Thomas J. Lyons
Thomas J. Lyons, Esq. (WI #1019127)
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

Thomas J. Lyons, Jr. (MN#0249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com

Eric L. Crandall, Esq.
Wis. Attorney Lic. No. 1001833
**CRANDALL LAW OFFICES, SC**
1237 Knowles Avenue North
PO Box 27
New Richmond, WI 54017
715-246-1010
consumerlaw@frontiernet.net

**ATTORNEYS FOR PLAINTIFF**