IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STACY BOURDEAU,

                Plaintiff,           OPINION AND ORDER

   v.

                                                14-cv-144-wmc

CREDIT ACCEPTANCE CORPORATION,
and DAUBERT LAW FIRM, LLC,

                Defendants.

---

In this civil action, plaintiff Stacy Bourdeau alleges that defendants Credit Acceptance Corporation and its law firm Daubert Law Firm, LLC, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq.*, and plaintiff's due process rights. Plaintiff also asserts claims under Wisconsin common law for abuse of process and under both Wisconsin and Minnesota common law for conversion. All claims rest on plaintiff's allegation that defendant failed to file a transcript of judgment in Minnesota in violation of Wis. Stat. § 806.24 when defendant garnished plaintiff's wages, although as explained in the court's opinion in *Kobilka v. Cottonwood Financial Wisconsin, LLC, et al.*, 14-cv-268-wmc, a case taken up at the same time involving similarly facts and claims, that particular statute has *nothing* to do with plaintiff's many undeveloped claims. (Compl. (dkt. #1) ¶¶ 47-48.) Before the court is defendants' motion for judgment on the pleadings, seeking dismissal of plaintiff's claims as barred by the *Rooker-Feldman* doctrine, among other bases. (Dkt. #19.) Because all of plaintiff's claims are inextricably intertwined with defendants' state court garnishment action, the court will grant defendants' motion.

ALLEGATIONS OF FACT[1]

A. The Parties

Plaintiff Stacey Bourdeau resides in Douglas County, Wisconsin, and is a "person" and "customer" as defined under Wis. Stat. §§ 421.301, a "consumer" as defined under 15 U.S.C. § 1692a(3), and a member of the "public" as defined in Wis. Stat. § 100.18.

Defendant Credit Acceptance Corporation is engaged in the lending of money and subsequent collection of debt. Credit Acceptance is a "debt collector" as defined by Wis. Stat. § 427.103(3) and a "merchant" under Wis. Stat. § 421.301. Credit Acceptance is liable for the acts of its employees, agents and independent contractors.

Defendant Daubert Law Firm, LLC, is a limited liability company, engaged in the collection of debt on behalf of others. Daubert Law Firm is a "debt collector" and "merchant" as defined by Wis. Stat. § 421.301 and 15 U.S.C. § 1692a(3).

B. The Loan

In January 2009, plaintiff contracted with Sonju Two Harbors, LLC for the purchase of a motor vehicle, financed with a retail installment contract in which plaintiff agreed to pay Sonju the sum of $10,091.04 over a 24 month period. The loan arose from a "consumer transaction" as that term is defined by Wis. Stat. § 421.03, and plaintiff's obligation to repay Sonju constituted a consumer "debt" or "claim" under Wis.

---

[1] The court accepts as true all well-pled factual allegations in the complaint, *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), viewing them in the light most favorable to the non-movant, *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)).

2

Stat. § 427.103. Sonju subsequently sold the loan contract to Credit Acceptance. At some point, plaintiff fell into default under the default.

### C. Default Judgment

Credit Acceptance retained Daubert Law Firm to collect the debt via collection efforts and legal process, if necessary. Credit Acceptance initiated a suit against plaintiff in Douglas County Wisconsin Circuit Court, seeking to recover $6,913.25, plus costs, disbursements and interest. *Credit Acceptance v. Bourdeau*, No. 2010-CV-650 (Douglas Cnty, Wis.). Default judgment was entered against plaintiff on May 19, 2011.

### D. Garnishment Action

"Daubert Law Firm, on behalf of Credit Acceptance prepared, filed with the court and served on [p]laintiff and [her] employer various legal documents, including but not limited to an earnings garnishment, an earnings garnishment exemption notice, and other documents each constituting legal process." (Compl. (dkt. #1) ¶ 39.) At all times relevant to this complaint, plaintiff was employed by United Health, located in St. Louis County, Minnesota. Defendants filed and served five separate earnings garnishment notices and related garnishment documents on United Health, resulting in the garnishment of over 40 of plaintiff's paychecks.

## OPINION

All of plaintiff's claims are premised on her theory that defendants failed to file a transcript of judgment in Minnesota in violation of Wis. Stat. § 806.24 when defendants

garnished her wages. (Compl. (dkt. #1) ¶¶ 47-48.) Since that statute relates to the domestication of foreign judgments *in* Wisconsin, § 806.24 is wholly inapplicable, although a similar Minnesota statute exists. Minn. Stat. § 548.27. More importantly, defendants did not seek to enforce its Wisconsin judgment, but rather enforce the Wisconsin garnishment order on United Health, the named garnishee, and participant in the Wisconsin garnishment action.

Defendants move for judgment on the pleadings, asserting several grounds including that this case is barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Today, the court considered a nearly identical set of material facts to that alleged in Bourdeau's complaint. *Kobilka v. Cottonwood Financial Wisconsin, LLC*, No. 14-cv-268 (W.D. Wis. Mar. 12, 2015).[2] For the reasons explained in that opinion and order, the court similarly finds that it lacked subject matter jurisdiction over the action under *Rooker-Feldman*. *Id*. at 7-9. Accordingly, this court will grant defendants' motion for judgment on the pleadings.

ORDER

IT IS ORDERED that:

1) Defendants Credit Acceptance Corporation and Daubert Law Firm, LLC's motion for judgment on the pleadings (dkt. #19) is GRANTED. Plaintiff's claims are dismissed without prejudice.

---

[2] A copy of the opinion in *Kobilka* is attached to this opinion.

2) The clerk of court is directed to close this case.

Entered this 12th day of March, 2015.

                                              BY THE COURT:

                                              /s/

                                            _____
                                            WILLIAM M. CONLEY
                                            District Judge